UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

MICHAEL SCOTT,

 Plaintiff,

v.

UNITED STATES OF AMERICA,

 Defendant.

Civil Action No. 7:17-030-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*　\*\*\*　\*\*\*　\*\*\*

 Michael Scott is a prisoner who was recently confined at the United States Penitentiary (USP) – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Scott has filed a complaint with this Court in which he asserts a claim against the United States pursuant to the Federal Tort Claims Act (FTCA). [R. 1]. For the reasons set forth below, the Court will dismiss Scott's claim.

 Scott states that he was assaulted by another inmate in June 2013 while he was incarcerated at USP – Big Sandy, and he alleges that prison officials did not provide him with adequate and timely medical care following the incident. In July 2014, Scott submitted an administrative tort claim to the Bureau of Prisons (BOP). [R. 7-1 at 16]. Then, in 2015, Scott and the BOP communicated back-and-forth, negotiating a potential settlement of his claim. [R. 7-1 at 20-30].

 On August 26, 2015, the BOP sent a letter to Scott telling him that it was "willing to make a final offer of $25,000 in settlement of your claim." [R. 7-1 at 30]. Although an attached "Judgment Fund Voucher for Payment" form contains what appears to be Scott's

signature and is dated March 1, 2016, it does not appear that Scott actually intended to accept the BOP's settlement offer. [R. 7-1 at 31]. After all, Scott makes no mention of this document in his complaint [R. 1], and, in a letter dated April 11, 2016, Scott acknowledges the BOP's $25,000 settlement offer and specifically makes a counteroffer of $38,000. [R. 7-1 at 32]. On April 19, 2016, the BOP acknowledged Scott's counteroffer, but said, "Once you declined to accept our August 26, 2015, final offer the offer was withdrawn and your claim was denied and closed." [R. 7-1 at 33]. Scott then filed this lawsuit over nine months later, on February 8, 2017. [R. 1].

Scott's FTCA claim is time barred. After all, even if we construe the facts in the light most favorable to Scott, it was certainly clear that the BOP had denied his claim by April 19, 2016. Under the law, Scott had no later than six months from that date to file his lawsuit in federal court. *See* 28 U.S.C. § 2401(b); *Ellison v. United States*, 531 F.3d 359, 361-62 (6th Cir. 2008). However, Scott filed this lawsuit on February 8, 2017, over nine months after the BOP made it clear that it had denied his claim. Thus, Scott's FTCA claim is barred.[1] *See Ellison*, 531 F.3d at 361 (holding that because the plaintiff filed her lawsuit almost seven months after the date the notice of final denial was mailed, her claim was time barred); *Thompson v. United States*, 8 F. App'x 547, 548 (6th Cir. 2001) (holding that the FTCA barred a lawsuit filed more than six months after the agency rejected the claim).

Accordingly, it is hereby **ORDERED** as follows:

---

[1] It appears that Scott may also be trying to raise a new failure-to-protect claim in his complaint. [R. 1 at 3-4]. To the extent that Scott is asserting such a claim under either the FTCA or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), that claim clearly falls outside the scope of what Scott has exhausted and, in any event, would be barred by the applicable statute of limitations.

1. Scott's FTCA claim [R. 1] is **DISMISSED**. Judgment is entered in favor of the United States with respect to this claim.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated September 20, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY